UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANE KIRKPATRICK,            )
                             )
   Plaintiff,                )
                             )
vs.                          )   Case No.
                             )
DAVE KERNER, in his Official Capacity )
as Executive Director of the Florida  )
Department of Highway Safety and Motor )
Vehicles,                    )
                             )
   Defendant.                )
_____)

**VERIFIED COMPLAINT**
**Injunctive and Declaratory Relief Requested**

Plaintiff Lane Kirkpatrick sues the Defendant, Dave Kerner, the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, for declaratory and injunctive relief, and alleges as follows:

**INTRODUCTION**

1. Florida Statute § 322.141(3)(a) requires that the driver licenses of individuals convicted of certain sexual offenses be forever branded with the marking "SEXUAL PREDATOR."

2. Plaintiff Lane Kirkpatrick is subject to Florida Statute § 322.141(3)(a) because he has been designated as a sexual predator due to a 25-year-old conviction for which adjudication was withheld. He objects to being forced to

acquire and display a driver license that brands him as a sexual predator and broadcasts the government's message that he is a danger to the public.

3. Section 342.141(3)(a) is unconstitutional, both on its face and as applied to Plaintiff, because it compels Plaintiff, and all individuals registered as sexual predators, to engage in speech and communicate the government's message, in violation of the First Amendment.

4. Plaintiff thus seeks injunctive and declaratory relief to redress the violation of his constitutional rights, and the rights of all those on the sexual predator registry.

## **JURISDICTION AND VENUE**

5. This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S. C. §1983.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## **PARTIES**

8. Plaintiff Lane Kirkpatrick recently retired, and lives with his wife in the home that they own. For many years, Mr. Kirkpatrick worked for a

construction company which built and renovated homes. He also owned and operated a small business which created and sold garden pots for plants and has done handyman repair work. He is a military veteran, having served in the US Navy for four years.

9. Mr. Kirkpatrick is designated as a sexual predator as defined by F.S. § 775.21 and is required to secure either a Florida driver license or official identification card which is stamped with the marking "SEXUAL PREDATOR." F.S. §§ 322.141(3)(a), 775.21(6)(f)(1)(2).

10. The criminal case which resulted in Kirkpatrick's designation as a sexual predator was filed in 1996. Pursuant to a plea deal, he received a withhold of adjudication, six months of county jail time, and was placed on five years of probation, which he completed in 2002. Mr. Kirkpatrick completed all aspects of his sentence and is not currently on probation, parole, or any form of court supervision. Mr. Kirkpatrick has always maintained his innocence and is not a danger to the public.

11. Defendant Dave Kerner is the Executive Director of the Florida Department of Highway Safety and Motor Vehicles (FLHSMV), which is responsible for the operation of the Florida Highway Patrol, and the oversight and issuance of Florida driver licenses, motor vehicle registrations, and license plates.

12. Defendant Kerner has the statutory authority to implement the relief Plaintiff seeks and is sued in his official capacity.

13.     At all relevant times, Defendant Kerner and his agents acted, and continue to act, under the color of state law.

## STATEMENT OF FACTS

### A. Section 322.141, Florida Statutes

14.     In 1993, the State of Florida enacted the "Florida Sexual Predators Act," F.S. § 775.21, which imposed registration and notification requirements on persons convicted of certain enumerated sexual offenses, and designated those individuals as "sexual predators."

15.     In 2007, the Florida Legislature imposed a new obligation on those persons designated as sexual predators when it amended Fla. Stat. § 322.141. *See* 2007 Fla. Sess. Law Serv. CH. 2007-207 (C.S.S.B. 988) § 1. The newly added subsection (3) to that statute required that a person designated as a sexual predator secure either a driver license or state identification card stamped with the marking "775.21, F.S.," indicating that the person had been convicted[1] of an enumerated offense within the Sexual Predators Act.  F.S. §§ 322.141(3)(a), 775.21(6)(f)1.2.[2]

---

[1] Within the context of Florida's sexual offender registry, "Convicted" is defined broadly to include "the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld[.]" Fla. Stat. § 943.0435(1)(b).

[2] Section 322.141(3)(b) also required that a person subject to registration as a "sexual offender" under F.S. §§ 943.035 or 944.607 secure either a driver's license or state identification card that was stamped with the marking "943.0435, F.S.," indicating that the person had been convicted of an enumerated offense requiring designation as a sexual offender. F.S. § 943.0435(h)1.a.(I).

16.     In 2014, the Florida Legislature amended § 322.141 to change the marking on the driver license (and identification card) of those persons designated as sexual predators from "775.21, F.S." to "SEXUAL PREDATOR."  *See* 2014 Fla. Sess. Law. Serv. Ch. 2014-216 (C.S.C.S.H.B. 7005) § 31. By statute, the words "SEXUAL PREDATOR" must appear on the front of the license, in capitals. § 322.141(3)(a).[3]

17.     Those persons designated as sexual predators are required to pay the cost assessed by the Department of Highway Safety and Motor Vehicles for issuing or renewing the license in this way, regardless of whether they intended to drive. § 775.21(6)(f).

18.     The 2014 Amendment to § 322.141 contains no legislative findings, and the legislative history reveals no evidence prompting the change of the marking from "775.21, F.S." to "SEXUAL PREDATOR."  There was no report or study that led the Legislature in 2014 to impose the more onerous branding "SEXUAL PREDATOR."

19.     Section 322.141(3) has not been amended since 2014 and remains in effect today.

---

[3]  The 2014 Amendment did not change the branding requirement in § 322.141(3)(b) for sexual offenders which directs that the license or ID card of a sexual offender be stamped with the marking "943.0435, F.S."

### B. Kirkpatrick's Criminal Case

20. In 1997, on the eve of trial, Mr. Kirkpatrick accepted a plea deal in a criminal case under which, in exchange for pleading guilty, the court would enter a withhold of adjudication, and he would receive five years of probation with a special condition of six months in the county jail, with credit for the time served in county jail pending trial.

21. He accepted the plea deal to gain his freedom and to avoid the risk of a lengthy prison sentence. Mr. Kirkpatrick has always maintained his innocence. He is not a danger to the public.

22. Mr. Kirkpatrick completed his probation in 2002 and all other aspects of his sentence and is not currently on probation, parole, or any form of court supervision.

23. As a result of his plea in 1997, Mr. Kirkpatrick is designated under Florida law as a sexual predator for the rest of his life and is required to have a driver license which brands him as a "SEXUAL PREDATOR."

24. Mr. Kirkpatrick has never been accused of any other sexual offense.

### C. Impact of Branding Requirement

25. Like others, Mr. Kirkpatrick carries his driver license with him at all times and is commonly requested to provide a government ID in going about his daily affairs. However, unlike most other people, his driver license is branded with

the marking "SEXUAL PREDATOR" on the front of the license in all capitals just below his name.

26. When providing his license to verify his identity, he frequently encounters suspicion, fear, and revulsion. The message sent by the brand is that Mr. Kirkpatrick is a dangerous man who poses a threat to the public, particularly children. Every time Mr. Kirkpatrick presents his license, he is fearful that a common everyday occurrence will bring him and his family distress, ridicule, differential treatment, and even physical harm.

27. Mr. Kirkpatrick objects to the marking on his license and is deeply offended by it.

28. Nearly every time Mr. Kirkpatrick travels through an airport and goes through security, TSA officers pull him out of the line and conduct a secondary search. On two occasions at an airport security line, he was separated from his wife and surrounded by officers, and escorted to a room where he was intrusively searched—he was required to lift his pant legs up to his knees and to pull his shirt up to his neck to expose his chest.

29. In one instance, upon checking into a hotel with his wife and giving the clerk his license, Mr. Kirkpatrick and his wife were told that the resort was "family friendly" and that their reservation was cancelled. Mr. Kirkpatrick and his wife were then left to scramble and find another hotel.

30. As a result, Mr. Kirkpatrick and his wife seldom travel by plane and have purchased a camper to avoid having to check into hotels when they drive any overnight distance from their home. Now, any time Mr. Kirkpatrick and wife need to make a reservation where identification is required, whether for travel or any other reason, they make a reservation in her name to minimize stress and the risk of cancellation.

31. When Mr. Kirkpatrick worked as a handy-man, he was fired from a job after the customer saw his license with the marking.

32. Every time he goes to a doctor's office, clinic, or pharmacy, Mr. Kirkpatrick is viewed suspiciously when asked to present his identification along with his health insurance. The stress he associates with going to a doctor is heightened by having to provide his branded ID. Mr. Kirkpatrick reacts similarly in any social or commercial setting whenever asked to produce his license and he feels stigmatized when going about his daily life activities.

## CLAIM FOR RELIEF

### COUNT I – First Amendment Compelled Speech, 42 U.S.C. § 1983

33. Plaintiff incorporates and re-alleges all paragraphs preceding the Claim for Relief section and incorporates them by reference herein.

34. Section 342.141(3)(a) is unconstitutional, both on its face and as applied to Plaintiff, because it compels Plaintiff, and all registered sexual

predators, to engage in speech and communicate the government's message, in violation of the First Amendment.

35. Section 342.141(3)(a) is not narrowly tailored to serve a compelling governmental interest and is not the least restrictive means of achieving any compelling government interest.

36. Pursuant to the overbreadth doctrine, Section 342.141(3)(a) is facially unconstitutional for all persons required to register as a sexual predator, not just Plaintiff. Others not before the Court object to being forced to engage in speech and communicate the government's message but, like Plaintiff, are required to secure a driver license or ID card with the marking "SEXUAL PREDATOR."

37. Because the Defendant has acted and continues to act to deprive Plaintiff of his rights guaranteed by the First Amendment, Plaintiff sues and seeks relief pursuant to 42. U.S.C. § 1983.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent relief.

39. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, and a declaratory judgment.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff Lane Kirkpatrick demands judgment against Defendant Kerner and requests the following relief:

A. A declaratory judgment that Section 342.141(3)(a), Florida Statutes violates the First Amendment to the United States Constitution, both facially and as applied to Plaintiff;

B. A preliminary and permanent injunction prohibiting the Defendant and its agents from enforcing Section 342.141(3)(a), Florida Statutes;

C. An order directing Defendant to immediately reissue Plaintiff, and all those registered as sexual predators, a driver license that is free of the marking "SEXUAL PREDATOR";

D. Plaintiff's attorneys' fees and costs; and

E. Any such other relief that may be appropriate.

    Respectfully submitted,

    Dante P. Trevisani
    Florida Bar No. 72912
    *dtrevisani@floridajusticeinstitute.org*
    Ray Taseff
    Florida Bar No. 352500
    *rtaseff@floridajusticeinstitute.org*
    Florida Justice Institute, Inc.
    PO Box 370747
    Miami, Florida 33137
    305-358-2081
    305-358-0910 (Fax)

By:   *s/Ray Taseff*
       Ray Taseff

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| LANE KIRKPATRICK,            ) | |
|    Plaintiff,            ) | |
| vs.            ) | Case No. |
| DAVE KERNER, in his Official Capacity   ) <br> as Director of the Florida Department   ) <br> Highway Safety and Motor Vehicles,   ) | |
|    Defendant.            ) | |
| _____) | |

## **DECLARATION OF LANE KIRKPATRICK**

I, Lane Kirkpatrick, makes this Declaration Under Penalty of Perjury, and declares that the statements below are true, and state:

My name is Lane Kirkpatrick. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Lane Kirkpatrick*                                          Date: October 5, 2023
Lane Kirkpatrick

-11-